No. 100,822

In the Matter of RUSSELL B. CRANMER, *Respondent*.

(196 P.3d 932)

Opinion filed December 5, 2008.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaint for the petitioner.

*D. Lee McMaster*, argued the cause. *Russell B. Cranmer*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Russell B. Cranmer, of Las Vegas, Nevada, an attorney admitted to the practice of law in Kansas.

The formal complaint filed against the respondent alleged a violation of Kansas Rule of Professional Conduct (KRPC) 8.4(b) (2007 Kan. Ct. R. Annot. 559) (commission of a criminal act). A hearing was held before a panel of the Kansas Board for Discipline of Attorneys, where the respondent was both personally present and represented by counsel. Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"FINDINGS OF FACT

"The Hearing Panel finds the following facts, by clear and convincing evidence:

"1.   Russell B. Cranmer (hereinafter 'the Respondent') is an attorney at law. . . . His last registration address with the Clerk of the Appellate Courts of Kansas is . . . Wichita, Kansas. . . His current address is . . . Las Vegas[, Nevada]. . . . The Respondent was admitted to the practice of law in the State of Kansas in April, 1990.

"2.   During May—July, 2006, a Wichita police officer and several women employed in an office building adjacent to respondent's home observed certain conduct by the Respondent in his home.

"3.   As a result of the women's observations and municipal complaints, the Municipal Prosecutor of Wichita, Kansas, charged the Respondent with eight counts of lewd and lascivious behavior.

"4.   City of Wichita Municipal Ordinance 5.68.140(b) provides that lewd and lascivious behavior is a misdemeanor and includes:

'Publicly exposing a sex organ or exposing a sex organ in the presence of a person who is not the spouse of the offender and who has not consented thereto, with intent to arouse or gratify the sexual desires of the offender or another.'

"5.    On August 7, 2006, the Respondent, through counsel Leslie Hulnick, self-reported the charges to the Disciplinary Administrator.

"6.    After a bench trial, on January 19, 2007, the Respondent was found guilty of seven counts of lewd and lascivious behavior in the Municipal Court of Wichita, Kansas. Despite his counsel's recommendations, the Respondent did not appeal the convictions to the Sedgwick County District Court.

"7.    The Court fined the Respondent and placed him on probation. As part of the probation, the Respondent was required to undergo an evaluation and participate in any recommended treatment at Prairie View in Newton, Kansas. The treatment professional at Prairie View who conducted the evaluation of the Respondent, determined that no treatment was warranted. In February, 2008, the Respondent completed all the terms and conditions of his probation and the Court discharged the Respondent from further obligation.

"8.    During the summer of 2007, the Respondent ceased practicing law, declared inactive status on his annual registration form, and moved to Las Vegas, Nevada. During the hearing on this matter, the Respondent indicated that he does not intend to practice law again. Further, the Respondent is currently unemployed.

## "CONCLUSIONS OF LAW

"1.    Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 8.4(b), as detailed below.

"2.    'It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's . . . fitness as a lawyer in other respects.' KRPC 8.4(b). In this case, the Wichita Municipal Court convicted the Respondent of seven counts of lewd and lascivious behavior. Accordingly, the Hearing Panel concludes that the Respondent committed criminal acts and those criminal acts reflect directly on the Respondent's fitness as a lawyer in other respects, in violation of KRPC 8.4(b).

"3.    The Disciplinary Administrator also alleged that the Respondent violated Kan. Sup. Ct. R. 211(b) [2007 Kan. Ct. R. Annot. 304]. Kan. Sup. Ct. R. 211(b) requires attorneys to file Answers to Formal Complaints.

    'The respondent shall serve an answer upon the Disciplinary Administrator
    within twenty days after the service of the complaint unless such time is
    extended by the Disciplinary Administrator or the hearing panel.'

In this case, the Respondent failed to file a written Answer to the Formal Complaint. However, at the hearing on this matter, counsel for the Respondent indicated that the failure to file the Answer was his shortcoming and not that of the Respondent. Accordingly, the Hearing Panel concludes that the Respondent did not violate Kan. Sup. Ct. R. 211(b).

## "AMERICAN BAR ASSOCIATION
## STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to the public and the legal profession to maintain his personal integrity.

"*Mental State.* The Respondent knowingly violated his duty.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused potential injury to the legal profession.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"A Pattern of Misconduct. The Wichita Municipal Court convicted the Respondent of seven counts of lewd and lascivious behavior for activity occurring on separate occasions. Accordingly, the Respondent engaged in a pattern of misconduct.

"Refusal to Acknowledge Wrongful Nature of Conduct. The Respondent failed to fully acknowledge the wrongful nature of his conduct.

"Illegal Conduct, Including that Involving the Use of Controlled Substances. The Respondent engaged in criminal conduct, as evidenced by his criminal convictions.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Prior Disciplinary Record. The Respondent engaged in the active practice of law for a period of 17 years. Throughout that period of time, the Respondent was not disciplined. Thus, the Hearing Panel concludes that the absence of a prior disciplinary record is a factor in mitigation.

"Imposition of Other Penalties or Sanctions. The Wichita Municipal Court ordered the Respondent to pay fines and serve a term of probation. The Respondent complied with the orders of the Court. As such, the Hearing Panel concludes that other penalties or sanctions were imposed on the Respondent.

### "Standards Considered

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Standard 5.12

'Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.'

Standard 5.12 does not appear to directly apply to this case because the Respondent's conduct does not seriously adversely reflect on his fitness to practice.

'Standard 7.3.

'Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed [as a professional] and causes injury or potential injury to a client, the public, or the legal system.'

In the opinion of the Hearing Panel, Standard 7.3 appears to be the standard that is the closest fit to the circumstances of this case.

## "RECOMMENDATION

"The Disciplinary Administrator recommended that the Respondent be suspended for a period of one year and that the Respondent undergo a reinstatement hearing pursuant to Kan. Sup. Ct. R. 219 [2007 Kan. Ct. R. Annot. 350]. The Respondent recommended that he be informally admonished by the Disciplinary Administrator.

"The Hearing Panel struggled with making its recommendation for discipline in this case. On one hand, the Wichita Municipal Court convicted the Respondent of seven misdemeanor counts of lewd and lascivious behavior. On the other hand, however, the Respondent has practiced law for 17 years without being disciplined.

"The Hearing Panel reviewed *In re Ketter*, 268 Kan. 146, 992 P.2d 205 (1999), which involved similar, but more serious, misconduct. In that case, despite that the Respondent had previously been disciplined for the same misconduct, the Court placed the Respondent on probation for a period of three years to allow the Respondent to participate in a treatment program. Here, a treatment professional determined that treatment was not warranted.

"The Disciplinary Administrator's recommendation that the Respondent be suspended from the practice of law and that the Respondent undergo a reinstatement hearing pursuant to Kan. Sup. Ct. R. 219 does not appear to be warranted in this case. There was no evidence presented that the Respondent's misconduct impacted his clients or that he has ever engaged in any inappropriate conduct with any clients. Further, the Respondent's misconduct had nothing to do with the practice of law. Thus, the Hearing Panel does not believe that suspension from the practice of law is warranted in this case.

"Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be censured by the Kansas Supreme Court and that the Court publish the censure in the Kansas Reports."

The respondent elected not to file any exceptions to the final hearing report of the panel. Thus, the respondent admits the allegations of the complaint. Supreme Court Rule 212(c) (2007 Kan.

Ct. R. Annot. 317). This court also finds that the allegations in the disciplinary complaint against the respondent have been established by clear and convincing evidence, and the court adopts the findings of the hearing panel.

In *In re Ketter*, 268 Kan. 146, 992 P.2d 205 (1999), the panel found a violation of KRPC 8.4 by reason of a 1998 misdemeanor conviction which arose out of an incident in a Topeka grocery store parking lot. The panel indicated that a 17-year-old boy reported he saw Ketter masturbating while sitting in his car, which was parked in a store parking lot. Ketter denied the charge and testified at his bench trial. Ketter was convicted of this misdemeanor. The Disciplinary Administrator also admitted into evidence three convictions for indecent exposure in North Carolina dating back to 1987 and a previous charge of lewd and lascivious conduct in Kansas in 1994. Although Ketter was found not guilty by reason of diminished capacity of the Kansas 1994 charge, Ketter nevertheless was informally admonished for that offense. After considering the facts surrounding the 1998 misdemeanor, the panel recommended that Ketter be disbarred. The Disciplinary Administrator recommended an indefinite suspension.

After extensive discussion and examination of detailed information concerning the charge and prior disciplinary actions against Ketter, together with an extensive report from a psychologist, Dr. George Hough, who was treating Ketter at the time of the hearing before the court, the court imposed its punishment subject to four conditions set forth in the opinion. 268 Kan. at 160-61. It must be noted that this court also found that some of the conclusions as well as the findings were not supported by clear and convincing evidence. See 268 Kan. at 154-55. Ultimately, *Ketter* was decided by a majority of four justices with three justices dissenting and concluding that a sanction be imposed.

In contrast, the respondent in this case entered pleas of guilty in each of the seven counts before the municipal court of Wichita; he did not appeal his convictions. While the respondent indicated to this court and the panel that he had been referred to a treating professional who in effect, after meeting with the respondent, determined that no treatment was warranted, the medical report was

never submitted to this court and does not appear in the record. Unlike *Ketter*, this court has very little evidence to consider concerning respondent's present condition. The court acknowledges the substantial mitigating factors presented by the respondent in this case. However, these mitigating factors must be weighed against the respondent's plea of guilty to seven misdemeanor counts of lewd and lascivious behavior before the Wichita Municipal Court.

Although we generally give some deference to the hearing panel's findings of fact and conclusions of law, see *In re Lober*, 276 Kan. 633, 636, 78 P.3d 442 (2003), a panel's recommendation as to the appropriate discipline is advisory only and shall not prevent the court from imposing discipline greater or lesser than that recommended by the panel or the Disciplinary Administrator. Rule 212(f); see *In re Pittman*, 285 Kan. 1133, 1141, 179 P.3d 404 (2008). Unlike the panel, we do not find *Ketter* to provide guidance for our consideration regarding the imposition of discipline in this case. Based upon this court's consideration of the entire record, including the findings of fact and conclusions of law which we conclude are supported by clear and convincing evidence, as well as the arguments of counsel and statements of the respondent before this court, we conclude that the appropriate discipline in this case is a 6-month suspension from the practice of law in this state.

IT IS THEREFORE ORDERED that respondent, Russell B. Cranmer, be and he is hereby suspended from the practice of law in the state of Kansas, for a period of 6 months.

IT IS FURTHER ORDERED that respondent shall comply with the provisions of Supreme Court Rule 218 (2007 Kan. Ct. R. Annot. 337) and, if respondent seeks reinstatement, he shall comply with Supreme Court Rule 219 (2007 Kan. Ct. R. Annot. 350).

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that the costs herein be assessed to respondent.