No. 101,518

In the Matter of ANDREW M. PIEKALKIEWICZ, *Respondent.*

(205 P.3d 734)

Opinion filed April 17, 2009.

*Frank D. Diehl*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with him on the formal complaint for petitioner.

*Andrew M. Piekalkiewicz*, respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Andrew M. Piekalkiewicz, of Lawrence, an attorney admitted to the practice of law in Kansas.

The formal complaint filed against the respondent alleged a violation of Kansas Rule of Professional Conduct (KRPC) 1.3 (2008 Kan. Ct. R. Annot. 415) (diligence), KRPC 1.4 (2008 Kan. Ct. R. Annot. 432) (communication), KRPC 8.3 (2008 Kan. Ct. R. Annot. 585) (reporting professional misconduct), and KRPC 8.4(c) (2008 Kan. Ct. R. Annot. 586) (conduct involving dishonesty, fraud, deceit, or misrepresentation), as well as a violation of Supreme Court Rule 207 (2008 Kan. Ct. R. Annot. 295) (duties of the bar). A hearing was held before a panel of the Kansas Board for Discipline of Attorneys, where the respondent appeared in person and represented himself pro se. Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"FINDINGS OF FACT

"The Hearing Panel finds the following facts, by clear and convincing evidence:

"1. Andrew M. Piekalkiewicz (hereinafter 'the Respondent') is an attorney at law, Kansas Attorney Registration No. 18427. His last registration address with the Clerk of the Appellate Courts of Kansas is . . . Lawrence, Kansas . . . . The Kansas Supreme Court admitted the Respondent to the practice of law in the State of Kansas on October 11, 2005. In addition, the Respondent has been admitted to practice law in the States of Missouri and Texas.

"DA10215 — Reciprocal Case from Texas

"2. On April 17, 2007, following a hearing, District 4C06 Grievance Committee in Texas entered a judgment of disbarment against the Respondent.

"3. Later, in June, 2007, the Respondent appealed from the judgment of disbarment. Following the filing of his appeal, the Respondent and the Appellee Commission for Lawyer Discipline requested that the case be reversed and remanded to District 4C06 Grievance Committee. The Board of Disciplinary Appeals granted the joint motion to reverse and remand to District 4C06 Grievance Committee.

"4. On December 26, 2007, District 4C06 Grievance Committee entered an Agreed Judgment of Active Suspension. District 4C06 Grievance Committee found the following facts:

### 'H0010621722 (Kindred)

'3. On January 14, 2004, Tina D. Kindred hired Respondent to represent her in a personal injury suit. Kindred signed a Power of Attorney giving Respondent the authority to enter into settlement negotiations on her behalf.

'4. Between January 2004 and April 2005, Kindred attempted to contact Respondent regarding the status of her case. During this period of time, Respondent failed to return Kindred's calls and failed to provide Kindred with any information regarding the status of her case.

'5. Respondent performed little or no work on Kindred's behalf.

'6. On January 26, 2006, Respondent received notice from the State Bar of Texas of Kindred's pending grievance. Said notice informed Respondent that he must file a written response to the allegations of professional misconduct within thirty (30) days of receipt. Respondent failed to respond.

### 'H0110521386 (O'Bryant)

'7. On February 14, 2001, Rachel B. O'Bryant hired Respondent to represent him [sic] in a personal injury case.

'8. After O'Bryant hired Respondent, he [sic] attempted to contact Respondent to find out about the progress of his [sic] case. Respondent failed to return O'Bryant's calls and failed to provide O'Bryant with any information regarding the status of his [sic] case.

'9. Respondent failed to perform any meaningful work on O'Bryant's case.

'10. O'Bryant contacted the Client-Attorney Assistance Program (CAAP) regarding Respondent's representation of O'Bryant. On October 11, 2005, CAAP sent a letter to O'Bryant stating that CAAP had mailed a letter to Respondent on August 12, 2005, but Respondent failed to respond to CAAP's inquiry. CAAP advised O'Bryant that she might wish to proceed by filing a grievance with the State Bar of Texas.

'11. The Chief Disciplinary Counsel has incurred reasonable attorneys' fees and direct expenses associated with this Disciplinary Proceeding in the amount of $1,524.62.'

"5. As a result of those facts, District 4C06 Grievance Committee made the following conclusions of law:

'H0010621722 (Kindred)

'Rule 1.01(b)(1) (in representing client, lawyer shall not neglect legal matter entrusted to lawyer);

'Rule 1.03(a) (lawyer shall keep client reasonably informed about status of matter and promptly comply with reasonable requests for information);

'Rule 8.04(a)(8) (lawyer shall not fail to timely furnish to Chief Disciplinary Counsel's office response or other information as required by Texas Rules of Disciplinary Procedure);

'H0110521386 (O'Bryant)

'Rule 1.01(b)(1) (in representing client, lawyer shall not neglect legal matter entrusted to lawyer); and

'Rule 1.03(a) (lawyer shall keep client reasonably informed about status of matter and promptly comply with reasonable requests for information).

"6. Based upon the findings of fact and conclusions of law, District 4C06 Grievance Committee entered an order suspending the Respondent's license to practice law in the State of Texas for a period of 36 months, beginning April 17, 2007, and ending April 15, 2010. District 4C06 Grievance Committee also ordered the Respondent to pay restitution to Ms. O'Bryant in the amount of $2,500 and attorneys' fees and direct expenses in the amount of $1,524.62.

"7. According to the Respondent, he paid the restitution, the attorneys' fees, and direct expenses.

"8. Following the Respondent's suspension from the practice of law in the State of Texas, the Respondent failed to properly notify the disciplinary authorities in Kansas and Missouri.

"DA10303 — Latimer Complaint [Kansas]

"9. In January, 2004, while driving a pick-up truck, J. Michael Latimer was struck by a larger truck owned by Pacific Overland Transportation Group. James Latimer, J. Michael Latimer's father, retained the Respondent to represent their son in a suit against Pacific Overland Transportation Group.

"10. After retaining the Respondent, James Latimer and Mary Jane Latimer, J. Michael Latimer's mother, attempted to contact the Respondent regarding the status of the case. The Respondent failed to keep the Latimers informed regarding the status of the case.

"11. On March 1, 2005, Great West Casualty Company issued a check payable to James Michael Latimer, James Latimer, and the Law Office of Andrew Piekalkiewicz in the amount of $5,750.00. Pursuant to the Power of Attorney, the Respondent endorsed the check and deposited the funds into his account.

"12. The Respondent failed to pay the outstanding medical expenses and the Respondent failed to distribute the proceeds of the settlement to the Latimers. The Respondent converted the settlement proceeds to his own use.

"13. At the hearing on this matter, the Respondent testified that he is an alcoholic and has, for many years, struggled to achieve sobriety. The Respondent testified that he has no recollection of representing the Latimers or what occurred with the settlement check.

"14. The Respondent testified that, at the time of the hearing, he had been sober for 11 days.

### "CONCLUSIONS OF LAW

"1. Kan. Sup. Ct. R. 202 provides that '[a] final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.' [Footnote 1: The Texas Disciplinary Rules of Professional Conduct vary from the Kansas Rules of Professional Conduct. However, the underlying conduct from the Texas case amounts to a violation of KRPC 1.3 and KRPC 1.4.] Based upon the evidence presented at the hearing, . . . and pursuant to Kan. Sup. Ct. R. 202, the Hearing Panel concludes that regarding DA10215, the Respondent engaged in misconduct and violated KRPC 1.3 and KRPC 1.4.

"2. Additionally, based upon the findings of fact, the Hearing Panel concludes as a matter of law that regarding DA10215, the Respondent violated KRPC 8.3 and regarding DA10303, the Respondent violated KRPC 1.4, KRPC 1.15, and KRPC 8.4(c).

"3. Attorneys must act with reasonable diligence and promptness in representing their clients. See KRPC 1.3. In this case, the Respondent failed to provide diligent representation to Ms. Kindred and Ms. O'Bryant when he failed to timely prosecute their cases. Because the Respondent failed to act with reasonable diligence and promptness in representing Ms. Kindred and Ms. O'Bryant, the Hearing Panel concludes that the Respondent violated KRPC 1.3.

"4. KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' In this case, the Respondent violated KRPC 1.4(a) when he failed to adequately communicate with Ms. Kindred, Ms. O'Bryant, and the Latimers. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"5. Lawyers must keep the property of their clients safe. See KRPC 1.15. In this case, the Respondent failed to properly safeguard his client's property when he failed to properly distribute it and when he converted it to his own use. Therefore, the Hearing Panel concludes that the Respondent violated KRPC 1.15.

"6. KRPC 8.3(a) provides that '[a] lawyer having knowledge of any action, inaction, or conduct which in his or her opinion constitutes misconduct of an attorney under these rules shall inform the appropriate professional authority.' In this case, the Respondent entered into a stipulation regarding the facts, the law, and the disposition of Ms. Kindred's complaint and Ms. O'Bryant's complaint in Texas. Despite the Respondent's stipulation, the Respondent failed to notify the other states where he held licenses. Because the Respondent failed to properly

notify the Kansas and Missouri disciplinary authorities, the Hearing Panel concludes that the Respondent violated KRPC 8.3(a).

"7. 'It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation.' KRPC 8.4(c). The Respondent engaged in conduct that involved dishonesty and fraud when he converted the Latimers' settlement proceeds to his own use. As such, the Hearing Panel concludes that the Respondent violated KRPC 8.4(c).

## "AMERICAN BAR ASSOCIATION
### STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to his clients to provide diligent representation and adequate communication. Further, the Respondent violated his duty to his client to properly safeguard their property. Finally, the Respondent violated his duty to the legal profession to cooperate in the disciplinary proceedings in Texas.

"*Mental State.* The Respondent knowingly violated his duties.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual injury to his clients and to the legal profession.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Prior Disciplinary Offenses. The Respondent is currently under suspension in Texas for the misconduct related to Ms. Kindred and Ms. O'Bryant. Additionally, previously, the Respondent was privately reprimanded for failing to rectify a conflict of interest by the State of Texas.

"Dishonest or Selfish Motive. The Respondent's conduct in converting the Latimers' settlement proceeds to his own use amounts to dishonest conduct. Engaging in dishonest and selfish conduct is an aggravating factor.

"A Pattern of Misconduct. Three separate clients were injured by the Respondent's misconduct. The misconduct regarding each of the three clients is similar in nature. Accordingly, the Respondent engaged in a pattern of misconduct.

"Multiple Offenses. The Respondent violated KRPC 1.3, KRPC 1.4, KRPC 1.15, KRPC 8.3, and KRPC 8.4. As such, the Respondent committed multiple offenses.

"Indifference to Making Restitution. To date, the Respondent has made no effort to make restitution to the Latimers for converting the settlement proceeds

or for determining whether Universal MRI needs to be paid from the settlement proceeds.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Personal or Emotional Problems if Such Misfortunes have Contributed to a Violation of the Kansas Rules of Professional Conduct. The Respondent is an alcoholic and has struggled with this disease for many years. The Respondent testified that during the time that he represented the Latimers, he was 'soaked in alcohol' and has no memory of representing them. The Respondent's alcoholism is a mitigating factor.

"The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the Transgressions. The Respondent fully cooperated in the disciplinary process as exhibited by his complete acknowledgment of the misconduct.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.' Standard 4.12.

'Suspension is generally appropriate when:
(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or
(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.' Standard 4.42.

### "RECOMMENDATION

"The Deputy Disciplinary Administrator recommended that the Respondent be suspended for an indefinite period of time. The Respondent acknowledged that he is not currently fit to practice law, but requested a definite suspension. Specifically, the Respondent requested that the Hearing Panel recommend that the suspension in Kansas parallel his suspension in Texas and that following his suspension in Kansas, that he be placed on supervised probation.

"Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be suspended from the practice of law in the State of Kansas.

"Within 30 days of the date of the report, the Respondent shall determine whether the Latimers have an unpaid balance with Universal MRI that should be paid from the settlement proceeds. If the Respondent determines that the Latimers have an unpaid balance with Universal MRI that should be paid from the settlement proceeds, the Respondent shall, within 30 days of the date of this report, appropriately pay Universal MRI. The Respondent shall, within 30 days

of the date of this report, pay the Latimers their share of the settlement proceeds ($3,000.00).

"The Hearing Panel further recommends that the Respondent be eligible to apply for reinstatement on April 15, 2010. The Hearing Panel recommends that before the Respondent is reinstated to the practice of law in the State of Kansas that he be required to undergo a reinstatement hearing pursuant Kan. Sup. Ct. R. 219.

"At the reinstatement hearing, the Respondent should be required to show that he has had a sustained period of sobriety, that he has regularly attended AA, and that he is currently fit to practice law. Further, the Respondent should be required to show that he has paid or otherwise resolved the issue with Universal MRI and that he has paid the amount owing to the Latimers.

"Costs are assessed against the Respondent in an amount to be certified by the Office of the Disciplinary Administrator."

The respondent elected not to file any exceptions to the final hearing report of the panel. Thus, the respondent admits the allegations of the complaint. Supreme Court Rule 212(d) (2008 Kan. Ct. R. Annot. 327). This court also finds that the allegations in the disciplinary complaint against the respondent have been established by clear and convincing evidence, and the court adopts the findings of the hearing panel.

The Disciplinary Administrator recommended to the panel that the respondent be indefinitely suspended from the practice of law in Kansas; the respondent requested that his suspension, subject to conditions outlined by the hearing panel, run concurrently with the suspension of his Texas license, which will conclude on April 15, 2010.

Although we generally give some deference to the hearing panel's finding of fact and conclusions of law, see *In re Lober*, 276 Kan. 633, 636, 78 P.3d 442 (2003), a panel's recommendation as to the appropriate discipline is advisory only and shall not prevent the court from imposing discipline greater or lesser than that recommended by the panel or the Disciplinary Administrator. Rule 212(f); see *In re Pittman*, 285 Kan. 1133, 1141, 179 P.3d 404 (2008). Based upon this court's consideration of the entire record, including the findings of fact and conclusions of law, the arguments of counsel before this court, and the respondent's statements, we conclude that an indefinite suspension from the practice of law in Kansas is the more appropriate discipline.

In both Texas and Kansas, the respondent has converted client funds to his own use. While we acknowledge that the respondent's alcohol abuse greatly contributed to the ethical violations charged, we may not ignore the effect of these violations upon the respondent's clients and upon the profession. Very little evidence was presented by the respondent regarding his treatment for his alcohol problems. We are keenly aware that, in addition to our responsibility to the respondent and the profession, our overriding concern is the protection of the public. Under these circumstances, we are convinced that an indefinite suspension accompanied by the required reinstatement hearing adequately protects the public and the profession. Finally, we have reviewed the conditions imposed by the panel upon the respondent; we agree that such conditions should be fulfilled by the respondent prior to his reinstatement, and we adopt those conditions in our holding.

IT IS THEREFORE ORDERED that the respondent, Andrew M. Piekalkiewicz, be and he is hereby indefinitely suspended from the practice of law in the state of Kansas, effective the date of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2008 Kan. Ct. R. Annot. 266).

IT IS FURTHER ORDERED that the respondent shall comply with the provisions of Supreme Court Rule 218 (2008 Kan. Ct. R. Annot. 350) and, if the respondent seeks reinstatement, he shall comply in full particulars with the conditions set forth in this opinion—that he has had a sustained period of sobriety, that he has regularly attended AA, that he is currently fit to practice law, that he has paid or otherwise resolved the issue with Universal MRI, and that he has paid the amount owing to the Latimers—and with Supreme Court Rule 219 (2008 Kan. Ct. R. Annot. 365).

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that the costs herein be assessed to the respondent.